### 16775.   GROVES *v.* THE STATE.

BLOODWORTH, J.   1. Where a jury trying a criminal case returns and publishes in open court a verdict of not guilty, which is regular in form, the judge has the legal right and authority on his own motion to poll the jury, and, when some of them have said that the verdict "was not their verdict," to refuse to receive the verdict, and to direct the solicitor-general to erase the verdict from the indictment, and the jury "to retire to their room and consider the case further."

2. Where, under the circumstances stated above, counsel for the defendant "objected to the erasing of the verdict of not guilty from said indictment, and to the court's ordering the jury back to their room to further consider said case, and moved the court to receive the verdict as read by the solicitor-general in open court and allow it to be filed," the court did not err in overruling the motion.

3. When the jury, under the circumstances stated above, had followed the instructions of the court, retired to their room, and, after a further consideration of the case, returned a verdict of guilty, the court did not err in receiving this verdict and entering judgment thereon over the protest of counsel for the defendant that the jury had "previously returned a verdict into open court, which was read and published in open court, of not guilty."

3. The foregoing are the headnotes to the decision of the Supreme Court in this case, in answer to questions certified by this court. For the full opinion of the Supreme Court see 162 *Ga.* (132 S. E. 769). Under the decision of the Supreme Court the trial judge did not err in any of his rulings of which complaint is made in the bill of exceptions.     *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MAY 12, 1926.

Conviction of abandonment of child; from Murray superior court—Judge Tarver. August 12, 1925.

*Maddox, Maddox & Mitchell,* for plaintiff in error.

*C. C. Pittman, solicitor-general,* contra.